UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RAFAEL BON | CIVIL ACTION NO: _____ |
| VERSUS | JUDGE: _____ |
| NICKEY TRANSPORTATION, LLC AND GREAT WEST CASUALTY COMPANY | MAGISTRATE JUDGE: _____ |
| | JURY TRIAL REQUESTED |

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that Defendants, NICKEY TRANSPORTATION, LLC AND GREAT WEST CASUALTY COMPANY, in that certain proceeding entitled and numbered cause from the Civil District Court for the Parish of Orleans, State of Louisiana, bearing Docket No. 2022-00887, entitled *"Rafael Bon versus Nickey Transportation and Great West Casualty Company"*, provide their Notice of Removal and hereby remove this action to the United States District Court in and for the Eastern District of Louisiana under 28 U.S.C.A. §1441 et seq.

A copy of this Notice of Removal is being served upon Matthew D. Hemmer and C. Faye Sheets, as counsel for the Plaintiff, and a copy of this Notice of Removal is also being filed with the Clerk of Court of the above referenced State court in conformity with 28 U.S.C. § 1446(d). In addition, pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings and/or orders in defendants' possession is attached hereto as Exhibit 1.

NICKEY TRANSPORTATION AND GREAT WEST CASUALTY COMPANY respectfully submit that the grounds for removal of this matter are as follows:

I.

Plaintiff, Rafael Bon, filed a Petition for Damages entitled *"Rafael Bon versus Nickey Transportation and Great West Casualty Company,"* on or about February 1, 2022, in the Civil District Court for the Parish of Orleans, State of Louisiana, which state court is within the

jurisdiction of the United States District Court, Eastern District of Louisiana.

II.

Plaintiff, Rafael Bon, set forth a claim for damages arising out of personal injuries which allegedly occurred as a result of him falling from the stairs located on a tractor trailer on or about July 9, 2021, in New Orleans, Orleans Parish, State of Louisiana. Named as defendants in this matter are Nickey Transportation, LLC and Great West Casualty Company.

III.

Counsel for plaintiff requested service of process upon Defendant, Nickey Transportation, LLC., via long arm service, and service was completed on February 16, 2022.

VI.

Counsel for plaintiffs requested service of process on Great West Casualty Company through its registered agent for service of process, Louisiana Secretary of State, and service was completed on February 28, 2022.

**DIVERSITY OF CITIZENSHIP**

V.

Plaintiff, Rafael Bon asserts in his Petition for Damages that he is a resident of and domiciled in St. Tammany Parish, State of Louisiana. Therefore, he is a citizen of the State of Louisiana.

VI.

At the time of this action and at all times since, Defendant, Nickey Transportation, LLC is a foreign limited liability company organized in the State of Tennessee and domiciled in and has its principal place of business in the State of Tennessee. Further, there are 2 members of Nickey Transportation, LLC which are as follows: Karen Estes Andrews, who is a resident and

citizen of the State of Tennessee and Henry Estes, a resident and citizen of the State of Tennessee. Accordingly, Nickey Transportation, LLC and its members are citizens of the State of Tennessee for the purposes of diversity jurisdiction.

VII.

At the time of this action and at all times since, Defendant, Great West Casualty Company, was and has been incorporated in the State of Nebraska with its principal place of business in South Sioux City, Nebraska. Therefore, Great West Casualty Company is a citizen of Nebraska

VIII.

Accordingly, complete diversity of citizenship exists between the plaintiff and defendants in this matter, as required for original jurisdiction to vest in the United States District Court for the Eastern District of Louisiana under 28 U.S.C.A. §1332.

**AMOUNT IN CONTROVERSY**

IX.

Plaintiff's petition is silent as to the amount of damages allegedly sustained as a result of the alleged incident and thus, it is not evident from the face of the Petition that the amount in controversy exceeds $75,000.00.

X.

However, in paragraph IX of his Petition, Plaintiff alleges that he sustained injuries to his body and mind, including, without limitation, injuries to his neck and back, together with past and future mental anguish and physical suffering; past and future loss of enjoyment of life; past and future expenses for medical care; and past and future lost wages and earning capacity; all of

which entitle Plaintiff, Rafael Bon, to recover from Defendants the damages as are reasonable in the premises.

XI.

Since the Petition for Damages was silent as to the amount of damages allegedly sustained as a result of this accident, Defendants propounded discovery to the plaintiff in order to determine the amount of damages allegedly sustained as well as issued a subpoena to the Workers Compensation carrier, Sage Adjusting, LLC, in order to determine whether this matter was removable to Federal Court.

XII.

On May 25, 2022, Defendants, through undersigned counsel, received a return on the subpoena issued to the Worker's Compensation carrier of plaintiff, Sage Adjusting, LLC, and received some medical records and medical expenses related to medical treatment received by plaintiff, Rafael Bon, for the first time, which he claims are as a result of the subject accident.[1]

XIII.

The medical records of Rafael's Bon received by Defendants, through undersigned counsel by the Worker's Compensation carrier of the plaintiff reflect that as a result of the subject accident, he had a cervical MRI on October 7, 2021 with contrast which revealed disc herniations/protrusions posteriorly at the C-3 – 4, C5 – 6 and T1 – 2 levels within annular tear along the posterior margin of the C5 – 6 disc and narrowing of the central spinal canal throughout the cervical spine, most prominent at the C5 – 6 level.[2] On October 7, 2021, a lumbar

---

[1] See email and correspondence representing that the records were forwarded to undersigned counsel on May 25, 2022, attached hereto as Exhibit 2 "in Globo." For the sake of judicial efficiency, all of the medical records and bills that the Worker's Comp. carrier forwarded to Defendants and referenced herein are not being attached to this Notice of Removal, as those records are too voluminous to attach. However, if the Court would like to review those records and bills, Defendants will gladly supplement this Notice of Removal and attach same.
[2] See MRI of the Cervical Spine dated October 7, 2021, attached hereto as Exhibit 3.

MRI was also performed which revealed annular bulges from L2 – 3 through L5 – S1 with annular tear along the posterior margin of the L4 – 5 disc.[3]

XIV.

Based on these findings, a pain management doctor, Dr. Patrick Waring, administered lumbar medial branch block injections at L4 – 5 and L5 – S1 on November 9, 2021.[4] After it was determined that he received 100% relief from the medial branch blocks, he had another set of diagnostic medial branch block injections at the bilateral L4 – 5 and L5 – S1 level on December 7, 2021.[5] On December 21, 2021, a Lumbar Medial Branch Thermal Radiofrequency Neurotomy on the right L4 – 5 and L5 – S1 facet joints was administered by Dr. Waring.[6]

XV.

Additionally, on June 7, 2022, Defendants received Plaintiff's Responses to Request for Admissions of Fact which Defendants had propounded to him wherein he admitted that the amount in controversy related to the subject accident exceeded $75,000.[7]

XVI.

Also, included with his answers to Requests for Admissions, plaintiff provided Answers to Interrogatories and Requests for Production of Documents on June 7, 2022 which Defendants had propounded to him, wherein he produced additional medical records which provides additional medical information on the plaintiff and reflect that Plaintiff's treating physician, Dr. Patrick Waring, performed a radiofrequency facet denervation at L4-5 and L5-S1 on April 5, 2022.[8]

---

[3] See MRI of the Lumbar Spine dated October 7, 2021, attached hereto as Exhibit 4.
[4] See reports dated November 9, 2021 from Dr. Waring, attached hereto as Exhibit 5. "in Globo."
[5] See reports dated December 7, 2021 from Dr. Waring, attached hereto as Exhibit 6, "in Globo.".
[6] See reports dated December 21, 2021 from Dr. Waring, attached hereto as Exhibit 7, "in Globo."
[7] See Responses to Request for Admissions, number 6, page 39, attached hereto as Exhibit 8"in Globo."
[8] See reports dated April 5, 2022 from Dr. Waring, attached hereto as Exhibit 9, "in Globo." For the sake of judicial efficiency, all of the medical records and bills that the Worker's Comp. carrier forwarded to Defendants and referenced herein are not being attached to this Notice of Removal, as those records are too voluminous to attach.

Further, a repeat radiofrequency facet denervation at L4-5 and L5-S1 was recommended by Dr. Patrick Waring on May 18, 2022 and performed on June 7, 2022.[9] His medical bills received thus far reflect that his medical expenses incurred as a result of the subject accident total $22,473.39.

XVII.

Additionally, in Plaintiff's Answer to Interrogatory number 18, plaintiff details the wages that he claims he lost as a result of the subject accident in the amount of $26,488 for which he seeks entitlement.[10]

XVIII

Defendants were not aware of the alleged amount in controversy until the medical records of Rafael Bon were received as outlined herein, and thus, undersigned counsel was only able to ascertain that this case is one which is or has become removable when he received some of Mr. Bon's medical records on May 25, 2022 from the Worker's Compensation carrier, Sage Adjusting, LLC, and other medical records from plaintiff, Rafael Bon, on June 7, 2022. Therefore, this Petition for Removal is timely because it has been filed within 30 days after receipt of a "copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the cases one which is or has become removable," pursuant to 28 U.S.C. § 1446 B (3).

XIX.

Based on the foregoing and the attached medical records reflecting plaintiff's medical condition, it is evident and reasonable to conclude that Rafael Bon alleges damages greater than

---

However, if the Court would like to review those records and bills, Defendants will gladly supplement this Notice of Removal and attach same.

[9] See report dated May 18, 2022, from Dr. Waring, attached hereto as Exhibit 10; Defendants do not yet have the report dated June 7, 2022, but plaintiff represented he had the procedure in his Response to Request for Admission No. 1, page 38, attached hereto as Exhibit 8"in Globo."

[10] See Plaintiff's Answer to Interrogatory No. 18, pages 10 – 11, attached hereto as Exhibit attached hereto as Exhibit 8"in Globo."

$75,000.00, and that the amount in controversy requirement of 28 U.S.C. §1332 is met, invoking the diversity jurisdiction of this Court.

XX.

Since there is complete diversity of citizenship between Plaintiff and Defendants, and because the amount in controversy exceeds $75,000, the United States District Court for the Eastern District of Louisiana is vested with original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332. Accordingly, this action may be removed to this Honorable Court pursuant to 28 U.S.C. § 1441.

XXI.

Pursuant to 28 U.S.C. § 1367, but this Honorable Court has supplemental jurisdiction over any and all claims for which it does not have original jurisdiction.

WHEREFORE, Defendants, NICKEY TRANSPORTATION, LLC AND GREAT WEST CASUALTY COMPANY, pray that their Notice of Removal be deemed good and sufficient and that the aforesaid "Petition for Damages" be removed from the Civil District Court of Orleans District Court for the Parish of Orleans, State of Louisiana to this Honorable Court for trial and determination as provided by law, and that this Court enter such orders and issue such process as may be proper to bring before it copies of all records and proceedings in such civil action from such state court, and thereupon proceed with the civil action as if it had been commenced originally in this Honorable Court.

RESPECTFULLY SUBMITTED,

**THE DILL FIRM, APLC**

BY:   s/Vivian V. Neumann
JAMES M. DILL (Bar Roll #18868)
VIVIAN V. NEUMANN (Bar Roll #20624)
825 Lafayette Street (70501)
Post Office Box 3324
Lafayette, Louisiana 70502-3324
Telephone: (337) 261-1408 Ext. 1228
Direct: (337) 446-0373
Facsimile: (337) 261-9176
Email: jdill@dillfirm.com
          vneumann@dillfirm.com
ATTORNEYS for GREAT WEST CASUALTY COMPANY and NICKEY TRANSPORTATION, LLC

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 17th day of June, 2022, the foregoing pleading was filed electronically with the Clerk of Court using CM/ECF system. This filing will be sent to counsel for all parties to this proceeding by operation of the Court's electronic filing system.

  s/Vivian V. Neumann
VIVIAN V. NEUMANN